# EXHIBIT A

A6031
91608

Christopher H. Knauf, State Bar No. 185180
*ck@goodlaw.biz*
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 205
Santa Monica, California 90403
Tel: (310) 829-4250  Fax: (310) 622-7263

Martha A. Torgow, State Bar No. 91111
*matorgow@socal.rr.com*
THE TORGOW LAW FIRM
9413 Donna Ave.
Northridge, CA 91324
Tel: (818) 772-4990  Fax (818) 772-4959

Attorneys for Plaintiff

FILED
Superior Court of California
County of Los Angeles

OCT 31 2014

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Myrna Beltran

D-42 Holly E. Kendig

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GONZALO DIGENIO, an individual, on his own behalf and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK FILM ACADEMY LTD.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: **BC 562572**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Breach of Contract<br>2. Negligent Misrepresentation<br>3. Unfair Competition<br>4. Intentional Interference with Contractual Relations<br>5. Intentional Interference with Prospective Economic Relations<br>6. Negligence |

-1-
COMPLAINT

Plaintiff GONZALO DIGENIO, on his own behalf and on behalf of the general public, hereby alleges the following facts and submits the following causes of action against Defendants NEW YORK FILM ACADEMY LTD ("NYFA"), and DOE Defendants 1 through 10:

## FACTS COMMON TO ALL CLAIMS

1. In January 2011, Mr. Digenio enrolled in NYFA's Master of Fine Arts (MFA) in Cinematography program because NYFA advertised a quality, long-standing program that offered experienced entertainment industry instructors, experience with film production unavailable at other schools, and opportunities to find work in the film industry. NYFA led Mr. Digenio to believe that NYFA was an accredited institution providing a first-tier MFA program, was affiliated with Harvard University, and was located at, and associated with, Universal Studios Hollywood.

2. NYFA's advertising led Mr. Digenio to believe NYFA was "the film and acting school of choice for . . . luminaries including Kevin Kline, Pierce Brosnan, Susan Sarandon, Tim Robbins ... Peter Bogdonavich ... and James L. Brooks." Moreover, NYFA advertised that "Steven Spielberg, Martin Scorsese, Bruce Springsteen, Al Pacino, Robert Downey Jr., Jamie Foxx, and Jodie Foster are among the many figures in the film industry who have sent their family members to study at the New York Film Academy."

3. All of these representations led Mr. Digenio to believe that he could rely on the NYFA Cinematography program to deliver what it promised. This, it turns out, was not the case at all, as NYFA failed to deliver the advertised Cinematography program, failed to provide the complete degree program it contracted to provide, and caused Mr. Digenio to incur tens of thousands of dollars in monetary damages with no degree to show for it.

4. After Mr. Digenio left the NYFA program, he ultimately gained

1  experience in the film industry and he and his wife opened a production studio.
2  Mr. Digenio at one time had several NYFA students as clients of his studio.
3  NYFA interfered in Mr. Digenio's existing business relationships by discouraging
4  if not outright prohibiting its students from working at Mr. Digenio's studio.
5  This, too, caused Mr. Digenio thousands of dollars in lost prospective income.

6      5. As a result of NYFA's actions and omissions, Mr. Digenio brings this
7  lawsuit, on his own behalf and on behalf of the general public, to be made whole
8  and to help ensure that NYFA does not improperly advertise its programs. Mr.
9  Digenio brings claims for breach of contract, unfair competition, intentional
10 interference with contractual relations, intentional interference with economic
11 relations, and negligence. He seeks damages and injunctive relief, as well as his
12 reasonable attorneys' fees and costs.

13 **PARTIES**

14     6. At all relevant times, GONZALO DIGENIO has resided in the
15 County of Los Angeles.

16     7. At all relevant times, Defendant NEW YORK FILM ACADEMY
17 LTD. has been a New York Corporation with a campus located and operating in
18 the County of Los Angeles. NYFA widely advertises its Los Angeles program
19 throughout Southern California.

20     8. The identities of Defendants DOES 1 through 10 are unknown at this
21 time. DOES 1 through 10 are individuals who at all relevant times were
22 administrators of Defendant NYFA, or who are in some manner responsible for
23 the violations of law alleged by Mr. Digenio. Mr. Digenio will amend this
24 Complaint when their identities become known.

25     9. At all relevant times, all Defendants and each of them, were acting in
26 concert with each other and were the agent, principal, subsidiary, representative,
27 alter ego, officer, employer, employee, manager, director, co-conspirator, aider
28

and abettor in proximately causing the injuries and damages alleged herein.

10. At all relevant times, all Defendants and each of them were legally responsible to Mr. Digenio for each of their co-defendants' wrongs, acts, and omissions alleged herein as though they had each committed each act themselves, and at all times authorized, directed, and ratified the acts and omissions of each remaining defendant.

11. Venue is proper in the Los Angeles Superior Court, as the parties reside and operate within the judicial district and the actions at issue occurred in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. In January of 2011, Mr. Digenio signed a written enrollment agreement with NYFA and enrolled in NYFA's Cinematography MFA program. In September 2011, NYFA required Mr. Digenio to sign another enrollment agreement for the same program.

13. The September 2011 enrollment agreement stated that Mr. Digenio had received "a catalog including a description of the course or educational service including all material facts concerning the school and the program or course of instruction." However, Mr. Digenio was never provided with, or otherwise given access to, any such catalog.

14. As a result, Mr. Digenio was never apprised of the information, disclaimers and limitations outlined in the catalog. He began his MFA program with the false impression that he would be learning from a fully accredited institution affiliated with Universal Studios Hollywood, with access to Universal's equipment and resources, and with the capability of providing a course of instruction in cinematography sufficient for an MFA degree and to help prepare him to enter a career in the film industry.

15. During his first year at NYFA, Mr. Digenio learned that NYFA was

not associated with Universal Studios, and did not have access to Universal Studios' resources or equipment in any meaningful way.

16. Mr. Digenio is informed, believes, and based thereon alleges that at all relevant times NYFA had only provisional accreditation and was not affiliated with Harvard University.

17. Mr. Digenio is informed, believes, and based thereon alleges that, as of 2013, the only connection Steven Spielberg or any other celebrity had to NYFA was that their children attended a NYFA summer camp.

18. Mr. Digenio is informed, believes, and based thereon alleges that, as of 2013, no student had ever graduated from the NYFA Cinematography MFA program.

19. Mr. Digenio is informed, believes, and based thereon alleges that, as of 2013, access to advanced equipment (whether NYFA's or Universal's) was extremely limited, NYFA's facilities were inadequate for the advertised courses, and the courses of instruction were scheduled – and constantly rescheduled – in a disorganized and ad hoc manner.

20. In December 2011, NYFA began to negotiate with Mr. Digenio to alter his curriculum, and, *inter alia*, provide fewer credits and hours of instruction than it initially advertised, promised, and agreed to provide.

21. Mr. Digenio's third semester deteriorated into a prolonged and disorganized negotiation between Mr. Digenio and NYFA administration of what could count as a class or credit hours. Toward the end of the semester, NYFA owed Mr. Digenio at least 120 hours of instruction that NYFA was not capable of providing him.

22. In the summer of 2012, Mr. Digenio sought to complete his missing third semester classes, demanding his missing hours of instruction. NYFA instead deposited Mr. Digenio's fourth semester tuition and informed him that his

fourth semester had already started. NYFA further drafted, and pressured Mr. Digenio to sign, an agreement stating that Mr. Digenio had completed his third semester classes.

23. Having exhausted his efforts in working with NYFA, Mr. Digenio exited the program and was refunded his fourth semester tuition only. Mr. Digenio continues to repay his student loans for his first three NYFA semesters and has incurred tens of thousands of dollars in principal and interest, without the benefit of having his MFA degree.

24. In 2013 and 2014, after Mr. Digenio left the NYFA program, he and his wife ultimately opened a small film production studio. Mr. Digenio advertised to NYFA students, in various of NYFA's programs, as he knew the students would need a reasonably priced studio to complete certain projects.

25. In 2013 and 2014, Mr. Digenio had contracted with several NYFA students as clients of his studio.

26. Mr. Digenio is informed, believes, and based thereon alleges that NYFA interfered in Mr. Digenio's existing business relationships by discouraging if not outright prohibiting its students from working at Mr. Digenio's studio.

27. NYFA's actions interfering with Mr. Digenio's business cost him thousands of dollars in prospective income.

28. Mr. Digenio is informed, believes, and based thereon alleges that NYFA continues to advertise its programs in the manner described herein.

29. Mr. Digenio is informed, believes, and based thereon alleges that NYFA continues to prevent its students from working with Mr. Digenio's production studio in retaliation for Mr. Digenio asserting his rights against the school.

///

///

## FIRST CAUSE OF ACTION
### Breach of Contract
### By Mr. Digenio Against All Defendants

30. Mr. Digenio re-alleges and incorporates by reference all previous paragraphs.

31. Through its acts and omissions described herein, NYFA breached one or more of its enrollment agreements with Mr. Digenio by failing to provide agreed upon instruction, courses, units, credits, materials, resources, opportunities, and experience NYFA had agreed to provide within the time frame it had agreed upon.

32. Mr. Digenio seeks compensatory damages for the principal and interest of student loans he obtained in reliance upon NYFA's enrollment agreements, as well as other compensatory damages to be proven at trial.

## SECOND CAUSE OF ACTION
### Negligent Misrepresentation
### By Mr. Digenio Against All Defendants

33. Mr. Digenio re-alleges and incorporates by reference all previous paragraphs.

34. By misleading Mr. Digenio regarding the courses, facilities, resources, and equipment available in NYFA's Cinematography MFA program and failing to disclose material information about the school, such as its lack of affiliation to Universal Studios and Harvard University, as well as its accreditation status, NYFA knew, or should have known, that it was not capable of providing the instruction, staff, facilities and equipment Mr. Digenio believed he would receive.

35. Mr. Digenio relied on these misrepresentations when entering into his enrollment agreement with NYFA.

36. For Defendants' negligent misrepresentation, Mr. Digenio is entitled to recover compensatory damages.

### THIRD CAUSE OF ACTION
### Unfair Competition Act
### California Business & Professions Code § 17200 *et seq.*
### By Mr. Digenio (Individually And On Behalf Of The General Public)
### Against All Defendants

37. Mr. Digenio re-alleges and incorporates by reference all previous paragraphs.

38. By engaging in the conduct described herein, Mr. Digenio alleges that Defendants have committed acts of unlawful and unfair business practices within the meaning of the Unfair Competition Act.

39. Mr. Digenio is informed, believes, and based thereon alleges that the unlawful and unfair business practices conducted by Defendants are ongoing and present a threat and likelihood of continuing harm against other members of the general public. Accordingly, Mr. Digenio seeks declaratory and injunctive relief and restitution, as permitted under the Act.

40. Pursuant to California Code of Civil Procedure § 1021.5, Mr. Digenio is entitled to recover from Defendants reasonable attorneys' fees and costs incurred in bringing this action.

### FOURTH CAUSE OF ACTION
### Intentional Interference with Contractual Relations
### By Mr. Digenio Against All Defendants

41. Mr. Digenio re-alleges and incorporates by reference all previous paragraphs.

42. By engaging in the conduct described herein, Mr. Digenio alleges that Defendants knew of and intentionally interfered with one or more contracts between him and third parties, namely students who wished to use Mr. Digenio's production studio.

43. Defendants intended to disrupt the performance of Mr. Digenio's contracts with third parties and their conduct prevented such performance or was a

substantial factor in preventing the performance of the contracts.

44. Mr. Digenio suffered thousands of dollars in lost income as a result of Defendants' conduct. Accordingly, Mr. Digenio seeks general and exemplary damages, and injunctive relief, as Defendants' interference continues to this day.

### FIFTH CAUSE OF ACTION
### Intentional Interference with Prospective Economic Relations
### By Mr. Digenio Against All Defendants

45. Mr. Digenio re-alleges and incorporates by reference all previous paragraphs.

46. By engaging in the conduct described herein, Mr. Digenio alleges that Defendants knew of and intentionally interfered with the existing or prospective economic relationship between him and third parties, namely students who wished to use Mr. Digenio's production studio.

47. Defendants, in retaliation for Mr. Digenio advocating and enforcing his legal rights as a NYFA student, intended to disrupt Mr. Digenio relationship with third parties, which would have resulted in an economic benefit to Mr. Digenio.

48. Defendants' wrongful conduct did in fact disrupt Mr. Digenio's relationship with existing and prospective third party business partners, and was a substantial factor in doing so.

49. Mr. Digenio suffered thousands of dollars in lost income as a result of Defendants' conduct. Accordingly, Mr. Digenio seeks general and exemplary damages, and injunctive relief, as Defendants' interference continues to this day.

## SIXTH CAUSE OF ACTION
### Negligence
### By Mr. Digenio Against All Defendants

50. Mr. Digenio re-alleges and incorporates by reference all previous paragraphs.

51. At all relevant times, Defendants owed a duty of due care to Mr. Digenio.

52. Defendants breached their duty of due care to Plaintiff by failing to provide adequately plan and implement the educational program they advertised and that they contracted to provide.

53. Defendants' breach of duty proximately caused, and was a substantial factor in causing, emotional distress to Mr. Digenio. Such damages were reasonably foreseeable to Defendants.

54. By virtue of Defendants' acts and omissions as alleged herein, Mr. Digenio is entitled to an award of compensatory damages in an amount according to proof.

## PRAYER FOR RELIEF

Mr. Digenio hereby prays for judgment against Defendants according to proof on all claims for relief, as follows:

1. Compensatory damages;
2. Restitution pursuant to California Business and Professions Code § 17200 *et seq.*;
3. Declaratory and injunctive relief pursuant to California Business and Professions Code § 17200 *et seq.*;
4. Exemplary damages, pursuant to California Civil Code § 3294;

5. Attorneys' fees and costs of suit, pursuant to California Code of Civil Procedure § 1021.5; and

6. For other just and proper relief as the Court may order.

Dated: October 29, 2014

KNAUF ASSOCIATES
THE TORGOW LAW FIRM

_____
Christopher H. Knauf
Attorneys for Plaintiff Gonzalo Digenio

-11-
COMPLAINT

## DEMAND FOR JURY TRIAL

Mr. Digenio hereby requests a jury trial.

Dated: October 29, 2014

KNAUF ASSOCIATES
THE TORGOW LAW FIRM

_____
Christopher H. Knauf
Attorneys for Plaintiff Gonzalo Digenio

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher H. Knauf, SBN: 185180<br>Knauf Associates<br>2001 Wilshire Blvd., Suite 205<br>Santa Monica, CA 90403<br>TELEPHONE NO.: (310) 829-4250    FAX NO.: (310) 622-7263<br>ATTORNEY FOR (Name): Gonzalo Digenio | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**OCT 31 2014**<br>Sherri R. Carter, Executive Officer/Clerk<br>By _Myrna Beltran_ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
DIGENIO V. NEW YORK FILM ACADEMY LTD.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 562572 |
|---|---|---|
| ✓ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
✓ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action (specify): 6 (breach of contract, Tortious Interference, negligence, et al)
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 29, 2014

Christopher H. Knauf
(TYPE OR PRINT NAME)          ▶ _(signature)_
                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Page 2 of 2

| SHORT TITLE: DIGENIO V. NEW YORK FILM ACADEMY LTD. | CASE NUMBER: BC562572 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** — Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |



| SHORT TITLE: DIGENIO V. NEW YORK FILM ACADEMY LTD. | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☒ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels ___ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: DIGENIO V. NEW YORK FILM ACADEMY LTD. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: NANOPRECISION v. AVAGO | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: NANOPRECISION v. AVAGO | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☒2. ☒3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>nanoPrecision Products<br>411 Coral Circle |
|---|---|
| CITY:<br>El Segundo | STATE: CA | ZIP CODE: 90245 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: October 31, 2014

_Vincent Belusko /ccc_
(SIGNATURE OF ATTORNEY/FILING PARTY)
Vincent J. Belusko

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com