Jeffrey D. Polsky (SBN 120975)
jpolsky@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.364.5540
Facsimile: 415.391.4436

Patrick J. Hagan (SBN 266237)
phagan@foxrothschild.com
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for defendant
NEW YORK FILM ACADEMY LTD.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 03 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| GONZALO DIGENIO,<br><br>  Plaintiff,<br><br>vs.<br><br>NEW YORK FILM ACADEMY LTD.; and DOES 1-10, inclusive,<br><br>  defendant. | Case No.: BC562572<br><br>**DEFENDANT NEW YORK FILM ACADEMY LTD.'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>Complaint Filed:  October 31, 2014 |

1  COMES NOW defendant New York Film Academy Ltd. ("defendant") and answers the
2  unverified complaint of plaintiff Gonzalo Digenio as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), defendant generally denies each and every allegation in the Complaint. Defendant further denies that plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of defendant, denies that plaintiff has been damaged in any amount whatsoever, and denies that defendant owes plaintiff any amount whatsoever. For its affirmative defenses defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Neither the Complaint nor any cause of action set forth in the Complaint states facts sufficient to constitute a cause of action against defendant.

### SECOND AFFIRMATIVE DEFENSE

Any contract claim is barred by plaintiff's failure to perform all of the obligations under the alleged contract.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's conduct concerning the matters alleged in the Complaint constitutes carelessness, negligence, misconduct, or bad faith, or plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by plaintiff were proximately caused and contributed to, in whole or in part, by the conduct of the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not proximately caused by the acts or omissions of defendant.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's conduct was justified and/or privileged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

//
//

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is pursuing claims against defendant which he knows to be frivolous, vexatious, and without merit, such that defendant is entitled to recover its attorneys' fees and costs.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or the relief under such claims is limited, by the equitable doctrines of waiver, estoppel, laches, excuse, mistake, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any decisions or actions of defendant with respect the subject matter of this lawsuit were undertaken in good faith, without malicious intent, and constituted a lawful, proper and justified means to further their legitimate economic interests.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to plead his fraud claim with the required specificity.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any harm or injury suffered by plaintiff, the existence of such harm or injury being specifically denied, is the result of plaintiff's own actions and/or inactions, and/or the result of the actions of others not within the control of defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

(A)   Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice on the part of defendant (Cal. Code Civ. Pro. § 3294(a));

(b)   Plaintiff has failed to adequately plead facts sufficient to support allegations of gross or reckless disregard by defendant for the rights of plaintiff or that defendant was motivated by evil motive or intent; and

(c)   Neither defendant nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act, or had advance

3

knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others (Cal. Code Civ. Pro. § 3294(b)).

### THIRTEENTH AFFIRMATIVE DEFENSE

In acting in the manner he did, plaintiff unnecessarily assumed the risk that he would suffer the damages he seeks to recover for in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure § 335.1.

WHEREFORE, defendant requests judgment against plaintiff as follows:

1. That plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed with prejudice;
3. That judgment be entered in favor of defendant and against plaintiff;
4. For its costs of suit, including reasonable attorney's fees as allowed by law; and
5. For such other and further relief as the Court finds just and proper.

Dated: December 3, 2014

FOX ROTHSCHILD LLP

By _____
Jeffrey D. Polsky
Patrick J. Hagan
Attorneys for defendant
NEW YORK FILM ACADEMY LTD.

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 345 California Street, Suite 2200, San Francisco, CA 94104.

On December 3, 2014, I served the foregoing documents:

**DEFENDANT NEW YORK FILM ACADEMY LTD.'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

Christopher H. Knauf
Knauff Associates
2001 Wilshire Blvd., Suite 205
Santa Monica, CA 90403

Martha A. Torgow
The Torgow Law Firm
9413 Donna Avenue
Northridge, CA 91324

☑ **BY FIRST-CLASS MAIL:** I caused said document(s) to be deposited in a facility regularly maintained by the United States Postal Service on the same day, in a sealed envelope, with postage paid, addressed to the above listed person(s) on whom it is being served for collection and mailing on that date following ordinary business practices.

☑ **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of December, 2014 at San Francisco, California.

*Eyleen Nadolny* (signature)
Eyleen Nadolny